**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED SPECIALITY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 2:19-cv-02032-GMN-NJK<br>) |
| vs. | ) **ORDER**<br>) |
| UNIVERSAL VEHICLE SOLUTIONS, LLC; OLOYEDE AKINSHOLA; TIFFANY DAWN GREEN, | )<br>)<br>)<br>) |
| Defendants. | ) |

Pending before the Court is United Specialty Insurance Company's ("Plaintiff's") Motion for Summary Judgment, or in the alternative, Partial Summary Judgment, (ECF No. 24). Defendant Oloyede Akinshola ("Akinshola") filed a Response, (ECF No. 27). Plaintiff did not file a timely Reply. However, Plaintiff has filed a Motion for Leave to File a Reply, (ECF No. 28), and the proposed Reply is attached as Exhibit A to the Motion. Akinshola did not file a Response to Plaintiff's Motion for Leave to File.[1]

For the reasons discussed below, the Court **GRANTS** the Motion for Leave to File and **GRANTS in part** and **DENIES in part** the Motion for Summary Judgment.

I. **BACKGROUND**

Plaintiff initiated this action to determine its insurance coverage liability for a motor vehicle accident that occurred in Las Vegas, Nevada, between Defendant Tiffany Dawn Green ("Green") and Akinshola. (*See generally* Compl., ECF No. 1). In the accident, Green, in a vehicle owned by Defendant Universal Vehicle Solutions LLC ("Universal"), struck Akinshola.

---

[1] "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). As Akinshola has not opposed the Motion, the Court **GRANTS** the Motion for Leave to File the proposed Reply brief.

(*Id.*). Universal, an automobile dealership, held a commercial lines auto dealer insurance policy (the "Policy") with Plaintiff. (*See* Decl. Elizabeth Norton ("Norton Decl.") ¶ 4, Ex. 4 to Pl.'s Mot. Summ. J. ("MSJ"), ECF No. 24-4); (*See* Ins. Policy, Ex. 5 to MSJ, ECF No. 24-5). The Policy covers damages that "insureds" must pay for "'bodily injury' or 'property damage' . . . caused by an 'accident' and resulting from the ownership, maintenance, or use of covered 'autos[.]'" (Ins. Policy at 021, Ex. 5 to MSJ). However, the Policy excludes coverage for insureds who do not fully cooperate in their defense for a covered accident. (*See id.* at 041).

Following the subject accident, Plaintiff received a Notice of Claim from Sonoran National Insurance Group, an insurance broker. (*See* Auto Loss Notice, Ex. 6 to MSJ, ECF No. 24-6). The Notice indicates that Akinshola filed a lawsuit against Green and Universal in Nevada. (*Id.* at 092). After receiving the Notice, Brian Wilbur, on behalf of Plaintiff, initiated an email exchange with Tom Schoenieben ("Schoenieben"), the principal of Universal, to collect information about the accident. (*See* May 2018 Wilbur Emails, Ex. 7 to MSJ, ECF No. 24-7). In the exchange, Schoenieben explained that Universal owned the vehicle, but it neither employed Green nor knew how she came into possession of the vehicle. (*Id.* at 094–95). Plaintiff subsequently hired an investigator who was also unable to obtain any information about Green. (*See* Norton Decl. ¶ 6, Ex. 4 to MSJ); (Investigator Emails at 101–05, Ex. 8 to MSJ, ECF No. 24-8).

In the underlying state court case, Plaintiff retained attorney Bradley Johnson to defend Universal after Plaintiff received notice of the case. (*See id.* ¶ 8); (6-19-18 Letter from United Specialty to Universal, Ex. 10 to MSJ, ECF No. 24-10). On October 29, 2018, Johnson wrote Universal explaining that a trial date had been set and requesting additional information, explaining that failure to cooperate would jeopardize Universal's coverage. (Norton Decl. ¶ 11, Ex. 4 to MSJ); (10-29-18 Letter from Counsel to Universal, Ex. 11 to MSJ, ECF No. 24-11). Johnson reiterated the request and effect of noncooperation on both February 1, 2019 and July

19, 2019. (Norton Decl. ¶ 11, Ex. 4 to MSJ); (2-1-19 Letter from Counsel to Universal, Ex. 12 to MSJ, ECF No. 24-12); (7-29-19 Email from Johnson to Universal, Ex. 16 to MSJ, ECF No. 24-16).  Additional representatives of Plaintiff made similar requests to Universal, explaining that Universal was failing to meet its duty to cooperate in its defense. (*See* 7-26-19 Letter from Plaintiff to Universal, Ex. 15 to MSJ, ECF No. 24-15); (8-29-2019 Letter from Plaintiff to United, Ex. 17 to MSJ, ECF No. 24-17).  Plaintiff's counsel for Universal ultimately withdrew from the case because of Universal's failure to cooperate, and the state court entered default against Universal and Green. (*See* Order to Withdraw, Ex. 21 to MSJ, ECF No. 24-21); (Universal Default, Ex. 22 to MSJ, ECF No. 24-22); (Green Default, Ex. 23 to MSJ, ECF No. 24-23).  The state court awarded Akinshola $380,082.67 in damages against Green and Universal, jointly and severally. (State Court J., Ex. A to MSJ Resp., ECF No. 27-1).

      Plaintiff now seeks summary adjudication that it owes no coverage to Akinshola, or in the alternative, that it must pay only the statutorily required minimum of $25,000.00.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A

principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go

beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

### III. DISCUSSION

In its Motion for Summary Judgment, Plaintiff requests that the Court find Plaintiff has no liability to Akinshola, or in the alternative, that it is liable only for the minimum financial responsibility requirement of $25,000.00 under the relevant Montana or Nevada statute. (MSJ 1:25–28, ECF No. 24). In arguing it bears no coverage liability to Akinshola, Plaintiff contends that Green and Universal breached several of their obligations under the Policy that are prerequisites to receiving coverage benefits. (*Id.* 2:1–13) (highlighting Universal and Green's failure to cooperate, Green's operation of the vehicle outside of the geographical coverage limitation, and Green's lack of permission from the insured to operate the vehicle). Therefore, Plaintiff's liability to Akinshola depends on whether Plaintiff owes insurance coverage duties to Green and Universal.

On January 28, 2021, this Court entered an Order granting default judgment in favor of Plaintiff and against Universal and Green. (*See* Order, ECF No. 29). The Order concluded that Plaintiff owes no insurance coverage benefits to Green or Universal under the Policy, beyond any statutorily required minima, because of their failure to cooperate in their defense with Plaintiff's retained counsel during the underlying state court case. (*Id.* 4:23–5:10).

Thus, it is the law of the case that Plaintiff does not owe obligations under the Policy to cover the liability of Green and Universal. The sole issue remaining at summary judgment is

whether Plaintiff has any statutorily required minimum liability as the insurer of the vehicle involved in the accident. In its Reply, Plaintiff concedes that it owes $25,000.00 in minimum coverage. (MSJ Reply, Ex. A to Mot Leave File 3:18–12, ECF No. 28-1). Akinshola's Response, which preceded the Court's default judgment Order, seeks the same minimum coverage declaration in the event the Court found the Policy did not cover the subject accident. (Resp. 2:11–14, ECF No. 27). Therefore, given the Court's prior Order, there is no dispute of material fact that the Policy does not provide full coverage benefits for the accident. Nor do the parties dispute that Plaintiff is statutorily required to furnish $25,000.00 in minimum coverage to Akinshola. Accordingly, the Court **DENIES** Plaintiff's request that the Court find Plaintiff owes no duty to Akinshola. The Court **GRANTS** Plaintiff's alternative request that it find Plaintiff has $25,000.00 in liability to Akinshola for the accident that was caused by a vehicle insured under the Policy.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 24), is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File, (ECF No. 28), is **GRANTED**.

The Clerk of Court shall close the case and enter judgment accordingly.

Dated this 15 day of March, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT